IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA E. HUBBARD, et al., | No. C 05-2169 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 17] |
| BLUE SHIELD OF CALIFORNIA, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Dismiss Federal Claim and Remand Case to State Court [Docket No. 17]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Plaintiff's Motion to Dismiss Federal Claim and REMANDS the case to the Superior Court of the State of California in and for the County of San Francisco.

## BACKGROUND

Plaintiff Martha Hubbard ("Plaintiff") began employment with Defendant Blue Shield of California ("Defendant" or "Blue Shield") as a Project Manager on July 10, 2000. First Amended Complaint ("FAC") at ¶ 3. On or about November 10, 2004, Plaintiff received notice that she would be laid off and that her employment with Blue Shield would be terminated. FAC at ¶ 5. Plaintiff received a layoff notice on December 3, 2004. *Id.* Plaintiff subsequently applied for other positions at Blue Shield for which she was qualified. *Id.* at ¶ 6. Blue Shield rejected all of Plaintiff's applications. *Id.* at ¶ 6. Plaintiff suspects that her employment was terminated due to age. *Id.* at 7.

On May 11, 2005, Plaintiff filed a complaint against Defendant Blue Shield in the Superior Court of the State of California in and for the County of San Francisco. Not. of Rem. at ¶ 1. The complaint alleged causes of action for: (1) age discrimination in violation of California's Fair Employment and Housing Act; (2) age discrimination in violation of the Age Discrimination in Employment Act; and (3) a common law claim for violation of state and federal public policy. Not. of Rem. at Ex. A. On May 25, 2005, Defendant filed its answer to the complaint.

On May 26, 2005, Defendant removed the action to federal court pursuant to 28 U.S.C. §§ 1331, 1441(b).

On June 6, 2005, the parties submitted a stipulation and proposed order requesting leave for Plaintiff to file a First Amended Complaint. On July 11, 2005, the Court granted the parties' request. Subsequently, on July 12, 2005, Plaintiff filed her First Amended Complaint. Defendant filed its answer to the First Amended Complaint on July 22, 2005.

On July 26, 2005, Plaintiff filed the instant Motion to Dismiss Federal Claim and Remand.

## LEGAL STANDARD

The federal removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court . . . may be removed by the defendant or the defendants" to federal court on the basis of federal question or diversity jurisdiction. 28 U.S.C. 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The Court must determine whether removal was proper by "looking to the complaint at the time the removal petition was filed." *Chesler/Perlmutter Prods. v. Fireworks Entm't, Inc.*, 177 F. Supp. 2d 1050, 1058 (C.D. Cal. 2001) ( citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)). In a non-diversity case, if the defendant removes a lawsuit that joins both federal and state law claims, the district court may exercise supplemental jurisdiction over the state law claims if those claims are so closely related to the federal claim that they "form part of the same case or controversy." 28 U.S.C. § 1367(a).

When a case is properly removed on the basis of federal question jurisdiction, but the federal claims subsequently drop out of the action, the district court retains the discretion to remand the action to state court. *See Carnegie-Mellon Univ. v. Cahill*, 484 U.S. 343, 348 (9th Cir. 1991). In each case, and at every stage of the litigation, the federal court must consider and weigh the values of judicial

2

1  economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a
2  case involving pendent state-law claims. *Id.* at 349. The doctrine of pendent jurisdiction is a doctrine
3  of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that
4  most sensibly accommodates a range of concerns and values. *Id.* When the balance of the relevant
5  factors indicates that a case properly belongs in state court, such as when the federal claims have
6  dropped out of the lawsuit in the early stages of the litigation, the district court may decline the exercise
7  of jurisdiction and may remand the action to state court. *Id.* As the United States Supreme Court
8  recognized in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), the district court's jurisdiction
9  over state law claims "need not be exercised in every case in which it is found to exist . . . . Needless
10 decisions of state law should be avoided as a matter of comity[.]" *Id.*

## ANALYSIS

12 Pursuant to Federal Rule of Civil Procedure 41(a), an action may be dismissed by a plaintiff
13 without order of Court: (i) prior to service by the adverse party of an answer or of a motion for summary
14 judgment, whichever occurs first; or (ii) by filing a stipulation of dismissal signed by all parties who
15 have appeared in the action. Fed. R. Civ. P. 41(a). Otherwise, Rule 41(b) provides that an action may
16 be dismissed upon order of the Court and upon such terms and conditions as the Court deems proper.
17 Fed. R. Civ. P. 41(b). In the instant case, since Defendant has filed its answer, Plaintiff may dismiss her
18 federal claim only upon order of this Court. Here, the requested dismissal results from Plaintiff's
19 decision to abandon her federal claim upon learning of an unfavorable ruling relating to attorney's fees
20 that was recently issued in an unrelated case in the Northern District of California.

21 In its opposition, Defendant does not oppose Plaintiff's decision to dismiss her federal claim with
22 prejudice, but argues that the Court should nevertheless exercise its discretion to retain supplemental
23 jurisdiction over the remaining state law claims. Specifically, Defendant accuses Plaintiff of "forum
24 shopping" and argues that Plaintiff has caused Defendant to needlessly expend time and resources
25 defending this case in federal court. This Court does not condone Plaintiff's decision to relinquish her
26 federal cause of action, which is premised – at least in part – on Plaintiff's desire to avoid an unfavorable
27 decision regarding attorney's fees. However, there is also no evidence that Plaintiff reached this
28 decision in bad faith. Further, even if it were established that Plaintiff has inappropriately engaged in

United States District Court
For the Northern District of California

1 forum shopping, this is but one factor to be considered by the Court in deciding whether it should retain
2 jurisdiction over the state law claims. The Court must also consider and weigh the values of judicial
3 economy, convenience, fairness, and comity. *Carnegie-Mellon Univ.*, 484 U.S. at 349.

4 In the instant case, the parties have been proceeding in this Court for only four months. During
5 this time, Plaintiff has amended her complaint only once, pursuant to a stipulation between the parties,
6 and Defendant has filed its answer. The initial Case Management Conference has not yet occurred. The
7 pleadings filed by both parties have been fairly insubstantial; indeed, the First Amended Complaint
8 contains only sixteen factual allegations. Accordingly, Defendant's argument that it has been forced to
9 devote a substantial amount of time to "defending" itself in federal court is grossly overstated. In fact,
10 this Court has little familiarity with the instant case and, save for the filing of the notice of removal,
11 Defendant has not incurred any expenses unique to its presence in federal court. Accordingly, the Court
12 concludes that retention of the remaining state law claims is not appropriate. *See Wren v. Sletten Const.*
13 *Co.*, 654 F.2d 529, 536 (9th Cir. 1981) (declining to retain jurisdiction over state law claims after finding
14 that the issues arising under state law had not been briefed, or raised in oral argument, before the district
15 court).

16 The authorities cited by Defendant do not compel a different conclusion. For example, in *In re*
17 *Paoli Railroad*, 35 F.3d 717, 738 (3rd Cir. 1994), the court retained jurisdiction over the remaining state
18 law claims after noting that the litigation had been proceeding for six years, during which time extensive
19 discovery had occurred. *Id.* at 738. Similarly, in *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d
20 1250, 1255 (5th Cir. 1990), the district court had presided over discovery issues for a year and was
21 "intimately familiar with the facts." *Id.* at 1255.

22 Since the decision to exercise supplemental jurisdiction is within the discretion of this Court,
23 and since Plaintiff's decision to voluntarily dismiss her sole federal claim with prejudice comes at the
24 earliest stage of these proceedings, the Court hereby GRANTS Plaintiff's Motion to dismiss her federal
25 cause of action and remands the action to state court.

## **CONCLUSION**

27 IT IS HEREBY ORDERED THAT Plaintiff's Motion to Dismiss Federal Claim and Remand
28 Case to State Court [Docket No. 17] is GRANTED.

4

1   IT IS FURTHER ORDERED THAT the case is REMANDED to the Superior Court of the
2 State of California in and for the County of San Francisco.  The clerk is directed to terminate any
3 pending matters and to close the file.
4 IT IS SO ORDERED

6 Dated: 10/3/05

*[signature]*
SAUNDRA BROWN ARMSTRONG
United States District Judge